### PUTNAM RESOURCES, LIMITED PARTNERSHIP

v.

### SAMMARTINO, INC., Walter Sammartino and Shawmut Bank, N.A.

### Civ. A. No. 87–0414B.

United States District Court, D. Rhode Island.

Jan. 15, 1988.

Thomas Marino, Esq. Grutman, Miller, Greenspoon & Hendler, New York City, and Allen Rubine, Providence, R.I., for plaintiffs.

Richard McAdams, Robert Wieck, Adler, Pollock & Sheehan, for defendants.

Edward Mulligan, Pawtucket, R.I., for Sammartino, Inc. and Walter Sammartino.

Charles R. Bennett, Jr., Peter H. Sutton, David Berman, and Riemer & Braunstein, Boston, Mass., for Shawmut Bank, N.A.

## MEMORANDUM and ORDER

**JACOB HAGOPIAN, United States Magistrate.**

The instant matter has been referred to the United States Magistrate for consideration pursuant to Title 28 U.S.C. Section 636(b)(1)(A) or (B). Before the Court is defendants', Shawmut Bank, motion to disqualify plaintiff's counsel, Dennis J. Roberts II, Esq., the law firm of Roberts–Carroll, Feldstein & Tucker (Roberts–Carroll), and the law firm of Grutman, Miller, Greenspoon & Hendler (Grutman).

*Statement of Facts*

I find that the relevant facts as established by the record are these. The instant litigation was commenced by Putnam Resources (Putnam) against Sammartino, Inc., Walter Sammartino and Shawmut Bank, N.A. (Shawmut). Putnam is represented in the instant case by the law firm of Roberts–Carroll and by co-counsel, Grutman. At all relevant times both Putnam and Shawmut were creditors of defendant Sammartino, Inc. Putnam and Shawmut are competing creditors in this matter.

In 1983 defendant Shawmut loaned money to defendant Sammartino. The law firm of Roberts–Carroll represented defendant Shawmut for the purposes of this 1983 transaction. Attorney Dennis Roberts II joined the Roberts–Carroll firm approximately one year after the 1983 transaction. The law firm of Roberts–Carroll represents plaintiff Putnam in this matter. In August of 1987, Dennis Roberts II informed Richard MacAdams (counsel for Shawmut in the this litigation) that Roberts–Carroll had represented defendant Shawmut in connection with the original loan in 1983 from Shawmut to Sammartino, Inc. The instant motion, which seeks the disqualification of plaintiff's counsel, Attorney Roberts and the Roberts–Carroll firm, was filed by defendants in October of 1987 following Attorney Roberts' disclosure.

Local Rule 4(d) of the United States District Court for the District of Rhode Island adopts the standard of conduct of the Code of Professional Responsibility of the Rhode Island Supreme Court. Defendant Shawmut, primarily relying on Canons 4 and 9 of the Rules, has moved to disqualify plaintiff's counsel, Roberts–Carroll.

The test used by the United States Court of Appeals for the First Circuit in assessing whether disqualification should be granted by reason of a breach of Canon 4 hinges upon the relationship between the prior representation and the present case, otherwise known as the "substantial relation" test. The First Circuit in *Kevlik v. Goldstein,* 724 F.2d 844 (1st Cir.1984), citing with approval *Analytica, Inc. v. NPD Research, Inc.,* 708 F.2d 1263, 1266 (7th

Cir.1983) has recognized that a substantial relation is found where "... a lawyer could have obtained confidential information in the first representation that would have been relevant in the second." Where this showing can be made, the court will assume that during the course of the former representation confidences were disclosed to the attorney bearing on the subject matter of the representation. *Kevlik, supra* at 851, citing *T C Theatre Corp. v. Warner Bros. Pictures, Inc.,* 113 F.Supp. 265 (S.D. N.Y.1953). Moreover, "it is irrelevant whether ... the lawyer is a firm rather than an individual practitioner (even where) ... different people in the firm handled the two matters and scrupulously avoided discussing them." *See Analytica, Inc., supra* at 1266.

■ I find in this case that a substantial relation exists in light of the fact that Roberts–Carroll represented defendant Shawmut as creditor in 1983 regarding Shawmut's financial arrangement with Sammartino. Roberts–Carroll now represents plaintiff Putnam, who is also a creditor of Sammartino, Inc. In sum, Roberts–Carroll's clients, past and present, are now adversaries in the instant action. This relationship alone creates the presumption that during the course of Roberts–Carroll's former representation of Shawmut in 1983 (which arguably continued to May, 1987) confidences were disclosed to Roberts–Carroll's attorneys bearing on the subject matter of the instant litigation. This presumption is irrebuttable. This holds true even if the lawyer is a firm rather than an individual practitioner. Knowledge by one Roberts–Carroll attorney must be imputed to all attorneys of the firm. Thus, Attorney Roberts' assertion that he had not joined the Roberts–Carroll firm until more than a year after it represented Shawmut lacks merit. The fact remains that his firm did previously represent Shawmut and now the same firm, Roberts–Carroll, represents Putnam in the instant matter. In fact, Roberts–Carroll has opposed its former client, Shawmut, in the instant litigation on the same matters on which it previously represented Shawmut. Clearly, Roberts–Carroll may not permissably represent the party defendant on one occasion and the party plaintiff on another involving the same subject matter or on subject matter which is substantially related. Attorney Roberts cannot insulate himself, as he seeks to do, from disqualification by erecting a "Chinese Wall" around himself and his associate attorneys of Roberts–Carroll who represented Shawmut in 1983. Attorney Roberts misplaces reliance upon case law which holds that a new lawyer's knowledge is not necessarily imputed to the firm which he joins thus allowing a firm to undertake representation adverse to the interests of the new lawyer's former client by erecting around himself a "Chinese Wall." *cf. Cheng v. GAF Corp.,* 631 F.2d 1052 (2d Cir.1980). Controlling here is the firm's imputation of knowledge and not the imputation of Attorney Robert's knowledge. Here, unlike *Cheng, supra,* the Roberts–Carroll firm's knowledge is imputed to all members of the firm which includes Attorney Roberts. It is and was Attorney Roberts' duty to determine the existence and nature of any conflict, and if such is found to disclose such conflict to the clients, Putnam and Shawmut alike. Any doubts concerning the propriety of such representation should be resolved by withdrawal. *Westinghouse Electric Corp. v. Gulf Oil Corp.,* 588 F.2d 221, 225 (7th Cir.1978); *see also Fund of Funds, Ltd. v. Arthur Andersen & Co.,* 567 F.2d 225, 233 (2d Cir.1977). I find this consistent with the guidelines of Canon 9. A lawyer should avoid even the appearance of professional impropriety. Accordingly, pursuant to Canons 4 and 9 of the Code of Professional Responsibility, I find that Attorney Roberts and the firm of Roberts–Carroll should be disqualified from participation in the instant case.

### Grutman, Miller, Greenspoon & Hendler

■ Defendants, by their motion, urge that since the Grutman firm has appeared as co-counsel with Roberts–Carroll in the instant action, the former stands in the shoes of the latter and should also be disqualified. I agree. Dispositive of the issue of disqualification of co-counsel is *Fund of Funds, Ltd., supra,* which involved a triangular relationship as we have

here. There, plaintiff's counsel, Morgan Lewis, was disqualified from suing Anderson because plaintiff's counsel had previously represented Anderson. The court found that attorney Meister (member of a separate firm) had served throughout the litigation as the Morgan firm's "understudy." Relying on Canon 4 the Court applied the substantial relation test and held that Attorney Meister, through his relationship with Attorney Morgan Lewis, was in a position to receive confidences regarding Anderson, thus requiring his disqualification. The court observed that the impropriety of Attorney Meister's continued representation appeared with even greater clarity in the context of Canon 4's admonition that an attorney must not disclose the confidences of his client. I find there exists in this case a fair risk that confidential information from the earlier representation of Shawmut may be now used in this litigation to the detriment of Shawmut. I also find that the Grutman firm may be considered as standing in the shoes of Roberts–Carroll for purposes of the instant matter, for it may be presumed that information has been shared between two law firms acting as co-counsel. Allowing the Grutman firm to remain as counsel for Putnam indirectly poses the same fair risk that Roberts–Carroll's representation poses directly, notwithstanding Grutman's lack of prior relationship with Shawmut. I find that the Grutman firm's relationship with Roberts–Carroll is of such a nature that it places the former in a position to receive confidences regarding Shawmut and moreover gives the appearance of professional impropriety. Accordingly, I find that pursuant to Canons 4 and 9 of the Code of Professional Responsibility, a sufficient showing has been made warranting the disqualification of the Grutman firm as counsel for Putnam in the instant matter.

*Waiver*

█ The record indicates that defendant Shawmut's counsel was informed in August, 1987 of Roberts–Carroll's prior representation of Shawmut. Six to seven weeks subsequent to that time, defendant Shawmut moved to disqualify Roberts–Carroll and Grutman as counsel for plaintiff Put-

nam. Putnam urges that by so delaying defendants' waived their objection to Roberts–Carroll and Grutman's representation of Putnam. The ethical considerations which exist in support of disqualification here transcend the law of waiver. I find *Kevlik, supra,* dispositive of the instant question. There, the First Circuit found that a delay of one and one-half years was insufficient to deny disqualification of counsel. The court expressed the need for upholding high ethical standard as greatly outweighing the problems caused by the delay in filing the disqualification motion. I find that defendants, by their delay in filing the instant motion, did not visit prejudice upon the plaintiff, nor did they confer a benefit upon themselves. Thus, I find plaintiff's urgings of waiver lack merit. Accordingly, defendants' motion to disqualify Attorney Roberts, Roberts–Carroll and the Grutman firm, plaintiff's counsel and co-counsel, is granted. So ORDERED.

### ORDER

The Court having considered Defendant Shawmut Bank, N.A.'s Motion to Disqualify Counsel, as well as Plaintiff Putnam Resources Limited Partnership's Opposition thereto, the Magistrate's decision thereon, and having heard the arguments of the parties with respect to that motion

IT IS HEREBY ORDERED that Defendant Shawmut Bank, N.A.'s Motion to Disqualify Counsel is granted as to the law firm of Roberts, Carroll, Feldstein & Tucker, and said motion is denied as to the law firm of Grutman, Miller, Greenspoon & Hendler.

IT IS FURTHER ORDERED that further proceedings in this case are stayed until April 4, 1988.

ENTER:

(s) <u>Francis Boyle</u>
Hon. Francis Boyle
Chief United States District Judge
March 14, 1988